UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. |  |
| DO HYEONG KWON,<br>a/k/a "Do Kwon," | |
| Defendant. | |

**COUNT ONE**
**(Conspiracy to Defraud)**

The Grand Jury charges:

1.    From at least in or about 2019, up to and including in or about 2022, in the Southern District of New York, and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, (a) commodities fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5) and Title 17, Code of Federal Regulations, Section 180.1; (b) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; and (c) wire fraud, in violation of Title 18, United States Code, Section 1343, to wit, KWON agreed with others to defraud individuals selling digital commodities in exchange for cryptocurrencies issued by a business known as Terraform Labs ("TFL"), including the cryptocurrencies Terra LUNA ("LUNA") and TerraUSD ("UST"), by deceiving those individuals about aspects of the Terra blockchain, including its technology and the extent to which it had been adopted by users.

2.    It was a part and object of the conspiracy that DO HYEONG KWON, a/k/a "Do

Kwon," and others known and unknown, willfully and knowingly, directly and indirectly, used and employed, and attempted to use and employ, in connection with a swap, a contract of sale of a commodity in interstate and foreign commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, untrue and misleading statements of material fact and omitting to state material facts necessary in order to make the statements made not untrue or misleading; and (3) engaging, and attempting to engage in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5).

3.     It was a further part and object of the conspiracy that DO HYEONG KWON, a/k/a "Do Kwon," the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

4.     It was a further part and object of the conspiracy that DO HYEONG KWON, a/k/a

"Do Kwon," the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>Overt Acts</u>

5.      In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.      On or about October 14, 2019, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, made a false and misleading statement during a television interview transmitted to, among other places, the Southern District of New York, about the extent to which the Terra blockchain had been adopted by users.

b.      On or about October 30, 2020, a TFL social media account made a false and misleading statement about the extent to which the Terra blockchain had been adopted by users.

(Title 18, United States Code, Section 371.)

**COUNT TWO**
**(Commodities Fraud)**

The Grand Jury further charges:

6.      From at least in or about 2019, up to and including in or about 2022, in the Southern District of New York and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, willfully and knowingly, directly and indirectly, used and employed, and attempted to use and

employ, in connection with a swap, a contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, an untrue and misleading statement of material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (3) engaging, and attempting to engage in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, KWON engaged in a scheme to defraud individuals selling digital commodities in exchange for cryptocurrencies issued by TFL, including LUNA and UST, by deceiving those individuals about aspects of the Terra blockchain, including its technology and the extent to which it had been adopted by users.

(Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1; Title 18, United States Code, Section 2.)

## COUNT THREE
### (Securities Fraud)

The Grand Jury further charges:

7.    From at least in or about 2019, up to and including in or about 2022, in the Southern District of New York, and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material

4

fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, KWON engaged in a scheme to defraud individuals purchasing digital securities issued by TFL, including LUNA, by deceiving those individuals about aspects of the Terra blockchain, including its technology and the extent to which it had been adopted by users.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT FOUR
**(Wire Fraud)**

The Grand Jury further charges:

8.　　From at least in or about 2019, up to and including in or about 2022, in the Southern District of New York and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, KWON, along with others, engaged in a scheme to defraud purchasers of cryptocurrencies issued by TFL, including LUNA and UST, by deceiving those individuals about aspects of the Terra blockchain, including its technology and the extent to which it had been adopted by users, including through interstate wires.

(Title 18, United States Code, Sections 1343 and 2.)

5

## COUNT FIVE
### (Conspiracy to Defraud and Engage In Market Manipulation)

The Grand Jury further charges:

9.      From at least in or about 2021, up to and including in or about 2022, in the Southern District of New York, and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, (a) commodities fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5) and Title 17, Code of Federal Regulations, Section 180.1; (b) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; (c) wire fraud, in violation of Title 18, United States Code, Section 1343; (d) commodities manipulation, in violation of Title 7, United States Code, Section 13(a)(2); and € securities manipulation, in violation of Title 15, United States Code, Sections 78i(a)(2) and 78ff, to wit, KWON agreed with others to defraud purchasers of cryptocurrencies issued by TFL, by deceiving those purchasers about the effectiveness of the algorithmic mechanism that purportedly ensured the stability of UST's price through false statements and market manipulation.

10.      It was a part and object of the conspiracy that DO HYEONG KWON, a/k/a "Do Kwon," the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, used and employed, and attempted to use and employ, in connection with a swap, a contract of sale of a commodity in interstate and foreign commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, untrue and misleading statements of material fact

6

and omitting to state material facts necessary in order to make the statements made not untrue or misleading; and (3) engaging, and attempting to engage in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, in violation of in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5).

11. It was a further part and object of the conspiracy that DO HYEONG KWON, a/k/a "Do Kwon," the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

12. It was a further part and object of the conspiracy that DO HYEONG KWON, a/k/a "Do Kwon," the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

13. It was a further part and object of the conspiracy that DO HYEONG KWON, a/k/a

"Do Kwon," the defendant, and others known and unknown, did knowingly and intentionally manipulate and attempt to manipulate the price of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, and of a swap, in violation of Title 7, United States Code, Section 13(a)(2).

14.     It was a further part and object of the conspiracy that DO HYEONG KWON, a/k/a "Do Kwon," the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the mails and means and instrumentalities of interstate commerce, and of the facilities of national securities exchanges, and being a member of national securities exchanges, effected, alone and with one and more other persons, a series of transactions in securities registered on national securities exchanges, securities not so registered, and in connection with security-based swaps and security-based swap agreements with respect to such securities creating actual and apparent active trading in such securities, and raising and depressing the price of such securities, for the purpose of inducing the purchase and sale of such securities by others, in violation of Title 15, United States Code, Sections 78i(a)(2) and 78ff.

Overt Acts

15.     In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     In or about May 2021, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, contacted representatives of a United States trading and investment firm ("Firm-1") to obtain their assistance in altering the market price of UST.

8

b.       In or about May 2021, Firm-1, which acted through employees located in the Southern District of New York and elsewhere, deployed trading strategies designed to alter the market price of UST.

c.       On or about May 23, 2021, KWON, on behalf of TFL, agreed to modify an existing loan between TFL and Firm-1 to compensate Firm-1 for their assistance in altering the market price of UST.

d.       On or about May 24, 2021, a TFL social media account issued a false and misleading statement concerning the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price.

e.       On or about March 1, 2022, in the course of an interview, KWON made a false and misleading statement concerning the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price.

(Title 18, United States Code, Section 371.)

## COUNT SIX
### (Commodities Fraud)

The Grand Jury further charges:

16.      From at least in or about 2021, up to and including in or about 2022, in the Southern District of New York and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, willfully and knowingly, directly and indirectly, used and employed, and attempted to use and employ, in connection with a swap, a contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, an untrue and misleading statement

9

of material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (3) engaging, and attempting to engage in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, KWON engaged in a scheme to defraud individuals selling digital commodities for cryptocurrencies issued by TFL, including LUNA and UST, by using market manipulation and false statements to deceive those individuals about the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price.

(Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1; Title 18, United States Code, Section 2.)

## COUNT SEVEN
### (Securities Fraud)

The Grand Jury further charges:

17.     From at least in or about 2021, up to and including in or about 2022, in the Southern District of New York, and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, KWON engaged in a scheme to defraud individuals purchasing digital securities issued by TFL, including LUNA, by deceiving those individuals about the effectiveness and

sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT EIGHT
### (Wire Fraud)

The Grand Jury further charges:

18.     From at least in or about 2021, up to and including in or about 2022, in the Southern District of New York and elsewhere, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, KWON, along with others, engaged in a scheme to defraud purchasers of cryptocurrencies issued by TFL, including LUNA and UST, by deceiving those individuals about the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATION

19.     As a result of committing the offenses alleged in Counts One, Three through Five, Seven and Eight of this Indictment, DO HYEONG KWON, a/k/a "Do Kwon," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds

11

traceable to the commission of said offenses.

          c.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

                                      (Title 18, United States Code, Section 981;
                                   Title 18, United States Code, Section 982;
                                   Title 21, United States Code, Section 853; and
                                   Title 28, United States Code, Section 2461.)

_____ (DFP)
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

INDICTMENT FILED 3/23/23

WHEEL C - JUDGE
ASSIGNED - CRONAN

SARAH NETBURN, USMJ

1 ARREST WARRANT