UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                               :

UNITED STATES OF AMERICA,      :

              - v. -                          :          23 Cr. 151 (PAE)

DO HYEONG KWON,                :

            Defendant.     :

------------------------------------------------------x

# GOVERNMENT'S MOTION PURSUANT TO
# TITLE 18, UNITED STATES CODE, SECTION 3771

                                                         DANIEL M. GITNER
                                                         Attorney for the United States
                                                         Southern District of New York
                                                         Acting Under Authority
                                                         Conferred by 28 U.S.C. § 515

Jared Lenow
Kimberly Ravener
Andrew Thomas
Assistant United States Attorneys

*- Of Counsel –*

## PRELIMINARY STATEMENT

The Government respectfully submits this motion, pursuant to Title 18, United States Code, Section 3771, seeking entry of the attached proposed order, which describes the procedures to be followed in notifying potential victims of public proceedings to be held in this case. Mike Ferrara, Esq., counsel to the defendant, has informed the Government that the defendant does not object to the proposed victim notice procedure.

## ARGUMENT

### I.  Applicable Law

The Justice for All Act of 2004 (the "Act") expanded the rights of victims in federal criminal proceedings and established certain requirements concerning the Government's notification of victims. *See* 18 U.S.C. § 377l(a). The Act provides that crime victims have the following rights, among others: (1) the right to be reasonably protected from the accused; (2) the right to reasonable, accurate, and timely notice of any public court proceeding, or parole proceeding, involving the crime, and timely notice of the release of the defendant; (3) the right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; (4) the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (5) the reasonable right to confer with the attorney for the Government in the case; (6) the right to full and timely restitution as provided in law; (7) the right to proceedings free from unreasonable delay; (8) the right to be treated with fairness and with respect for the victim's dignity and privacy; (9) the right to be informed in a timely manner

1

of any plea bargain or deferred prosecution agreement; and (10) the right to be informed of these rights. *See* 18 U.S.C. § 3771(a). The Act defines a victim of a crime as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A).

Section 3771 requires the Court to ensure that crime victims are afforded the rights enumerated in the statute, *see* 18 U.S.C. § 3771(b), and obligates the Government to use "best efforts to see that crime victims are notified of, and accorded, the rights" provided, *see* 18 U.S.C. § 3771(c)(1). The Act does not set forth any specific notification procedures. In addition, the Act recognizes that in cases involving a large number of crime victims, it may be impracticable to accord all of the victims the rights identified in Section 3771(a). *See* 18 U.S.C. § 3771(d)(2). Specifically, the Act provides that in such cases, "the court shall fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong proceedings." *Id.* A number of courts in this district have addressed the effect of the Act in cases involving large numbers of victims, particularly securities fraud prosecutions, and have approved procedures similar to those proposed and outlined below. *See, e.g., United States v. Alexandre*, No. 22 Cr. 326 (JPC); *United States v. Madoff*, No. 09 Cr. 213 (DC); *United States v. Bongiorno*, No. 05 Cr. 390 (SHS); *United States v. Eberhard,* No. 03 Cr. 562 (RWS); *United States v. Rigas,* No. 02 Cr. 1236 (LBS); *United States v. Ebbers*, No. 02 Cr. 1144 (BSJ).

II. **Discussion**

This case involves charges arising from a scheme to defraud numerous investors in the United States and throughout the world. The Indictment alleges that, from at least in or about

2018, up to and including in or about 2022, the defendant Do Hyeong Kwon orchestrated schemes to defraud purchasers of cryptocurrencies created and issued by a company that he co-founded called Terraform Labs PTE, Ltd. ("Terraform"). Kwon claimed that Terraform had used blockchain technology to create a self-contained, decentralized financial world with its own money, payment system, stock market, and savings bank. Kwon presented Terraform as having developed functioning, reliable financial technologies on the cutting edge of a movement towards "decentralized finance" (or "DeFi"), in that Terraform's products purportedly operated largely through automated mechanisms and economic incentives, and that Terraform's systems were governed by their users rather than by Kwon and his associates and subordinates.

In fact, Kwon's constructed financial world was built on lies and manipulative and deceptive techniques used to mislead investors, users, business partners, and government regulators regarding Terraform's business. Behind the scenes, core Terraform products did not work as Kwon advertised, and were manipulated to create the illusion of a functioning and decentralized financial system in order to lure investors. Kwon engaged in this deceptive conduct in order to inflate the value of Terraform's cryptocurrencies, which Kwon and entities he controlled (a) possessed in large amounts and (b) sold to investors in exchange for billions of dollars' worth of other assets. Ultimately, investors suffered over $40 billion in losses as a result of Kwon's fraud.

The victims in this case include, among others, individuals and entities in both the United States and abroad who purchased Terraform's cryptocurrencies directly from Terraform or from third parties, including through cryptocurrency exchanges based in the

United States and in other countries. While it is difficult to precisely quantify the number of Kwon's victims in light of the sheer number of purchases and sales of Terraform's cryptocurrencies and the manner of those transactions (with many transactions in those assets occurring on foreign exchanges and through digital asset wallet or crypto trading accounts without personal identifying information), the Government estimates that the number of victims in this case exceeds hundreds of thousands of individuals and entities, and potentially totals more than one million.

Given the number of potential victims in this case, the Government respectfully submits that it is impracticable to give individualized notice to each potential victim. Specifically, the Government does not have contact information for many of Kwon's victims, and in any event the Government's victim notification system is not capable of sending out victim notifications to hundreds of thousands or millions of victims. Therefore, the Government requests a finding that, under these circumstances, the number of potential victims makes it impracticable to individually apprise each victim of the rights described in Section 3771(a). As an alternative, the Government respectfully submits that the public notice procedure outlined below is "reasonable" under Section 3771(d)(2).

The Government will inform potential victims of all public court proceedings by posting notice of those proceedings on the Internet website of the Office of the United States Attorney for the Southern District of New York: http://www.usdoj.gov/usao/nys. The Government's Internet posting will specify that the Court, in order to conduct orderly proceedings and to maintain a reasonable schedule, requires notice from potential victims who wish to be heard at any public proceeding at which victims retain such a right under the Act

(that is, any "public proceeding . . . involving release, plea, sentencing or any parole proceeding," *see* 18 U.S.C. § 3771(a)(4)).

The Government respectfully submits that the proposed notice procedure is reasonable to give effect to the rights of the potential victims in this case, and requests that the Court enter the proposed order.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court enter the Proposed Order.

Dated:    New York, New York
         January 6, 2025

                          Respectfully submitted,

                          DANIEL M. GITNER
                          Attorney for the United States
                          Acting under Authority Conferred by 28 U.S.C. § 515
                          Southern District of New York

                by:   /s/
                          Jared Lenow / Kimberly Ravener / Andrew Thomas
                          Assistant United States Attorneys