

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*Jacob K. Javitz Federal Building
26 Federal Plaza
New York, New York 10278*

January 7, 2025

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Do Hyeong Kwon*, 23 Cr. 151 (PAE)

Dear Judge Engelmayer:

    The Government writes to provide a status update to the Court in advance of the initial conference in this matter, currently scheduled for tomorrow, January 8, 2025 at 10:30 a.m.

## The Charges

    The Government alleges that Do Hyeong Kwon orchestrated schemes to defraud purchasers of cryptocurrencies created and issued by a company that he co-founded called Terraform Labs PTE, Ltd. ("Terraform"). Kwon claimed that Terraform had used blockchain technology to create a self-contained, decentralized financial world with its own money, payment system, stock market, and savings bank. Kwon presented Terraform as having developed functioning, reliable financial technologies on the cutting edge of a movement towards "decentralized finance" (or "DeFi"), in that Terraform's products purportedly operated largely through automated mechanisms and economic incentives, and that Terraform's systems were governed by their users rather than by Kwon and his associates and subordinates. In fact, Kwon's constructed financial world was built on lies and manipulative and deceptive techniques used to mislead investors, users, business partners, and government regulators regarding Terraform's business. Behind the scenes, core Terraform products did not work as Kwon advertised, and were manipulated to create the illusion of a functioning and decentralized financial system in order to lure investors. Kwon engaged in this deceptive conduct in order to inflate the value of Terraform's cryptocurrencies, which Kwon and entities he controlled (a) possessed in large amounts and (b) sold to investors in exchange for billions of dollars' worth of other assets. Those cryptocurrencies ultimately crashed in May 2022, resulting in over $40 billion worth in investor losses.

    The original Indictment in this matter was returned on March 23, 2023, charging Kwon in eight counts. On January 2, 2025, a nine-count Superseding Indictment was unsealed re-alleging the first eight counts of the original Indictment and adding a ninth count. The first eight counts of both the original Indictment and Superseding Indictment are as follows:

**Count One:**   Conspiracy to commit commodities fraud, securities fraud, and wire fraud in violation of 18 U.S.C. § 371.

**Count Two**:   Commodities fraud, and aiding and abetting that offense, in violation of 7 U.S.C. §§ 9(1) and 13(a)(5); 17 C.F.R. § 180.1; and 18 U.S.C. § 2.

**Count Three**:   Securities fraud and aiding and abetting that offense, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2.

**Count Four**:   Wire fraud and aiding and abetting that offense, in violation of 18 U.S.C. §§ 1343 and 2.

**Count Five**:   Conspiracy to commit commodities fraud, securities fraud, and wire fraud and engage in market manipulation in violation of 18 U.S.C. § 371.

**Count Six**:   Commodities fraud, and aiding and abetting that offense, in violation of 7 U.S.C. §§ 9(1) and 13(a)(5); 17 C.F.R. § 180.1; and 18 U.S.C. § 2.

**Count Seven**:   Securities fraud and aiding and abetting in violation of 15 U.S.C. § 78j(b) and 78ff; 17 C.F.R. § 240.10b-5; and 18 U.S.C. § 2.

**Count Eight**:   Wire fraud and aiding and abetting that offense, in violation of 18 U.S.C. §§ 1343 and 2.

The additional count in the Superseding Indictment, Count Nine, alleges a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

On December 31, 2024, Kwon was extradited from Montenegro on the eight fraud offenses; Kwon was not extradited on the money laundering offense. Kwon was presented and arraigned on both the original Indictment and the Superseding Indictment on January 2, 2025, before U.S. Magistrate Judge Robert Lehrburger and entered a plea of not guilty to all charges.

With respect to the money laundering offense (Count Nine of the Superseding Indictment), the Government expects to seek a waiver by Montenegro of the rule of specialty. Regardless of whether Kwon is tried on Count Nine, the Government anticipates that its proof at trial will remain unchanged, given that the evidence of Kwon's participation in a conspiracy to launder the proceeds of his crimes also constitutes direct evidence of the other counts (including to show motive, consciousness of guilt, and the relationship of trust and confidence among co-conspirators) and would also be admissible as "other acts" evidence under Rule 404(b).

### Related Civil Proceedings

In 2023, the U.S. Securities and Exchange Commission (the "SEC") brought a civil suit against Kwon and Terraform, *SEC v. Terraform, et al.*, 23 Civ. 1346 (JSR), which proceeded to a jury trial in spring 2024 (the "SEC Matter"). That matter concerned only two of the five categories of misrepresentations described in the Superseding Indictment, specifically the Stablecoin

Misrepresentations and the Chai Misrepresentations. *See* Superseding Indictment ¶¶ 2a, 2d. The SEC Matter did not involve the categories of misrepresentations described in the Superseding Indictment as the LFG Misrepresentations, the Mirror Misrepresentations, or the Genesis Coin Misrepresentations. *See* Superseding Indictment ¶¶ 2b, 2c, 2e. The civil jury found Kwon and Terraform liable for making those misrepresentations, and Kwon and Terraform subsequently agreed to pay a total of approximately $4.5 billion to resolve that civil litigation (with Kwon agreeing to pay $110 million in disgorgement and approximately $14 million in prejudgment interest on a joint and several basis with Terraform, as well as an $80 million civil penalty).

In connection with the SEC Matter, the Government notes that Judge Rakoff made a number of rulings on topics relevant to this case. For example, Judge Rakoff ruled that four of Terraform's crypto assets—UST, LUNA, wLUNA, and MIR—are securities because they are "investment contract[s]" under 15 U.S.C. § 77b(a)(1), *see* SEC Matter Dkt. 149, Summary Judgment Order at 36-43. As another example, Judge Rakoff made a number of evidentiary rulings concerning the admissibility of coconspirator statements under hearsay rules. *See, e.g.*, SEC Matter Dkt. 254 & 256 (Trial Tr. 580, 863).

In light of the financial penalties incurred in connection with the SEC matter, the Government understands that Terraform is currently winding down its operations under the supervision of the bankruptcy court in the District of Delaware. *See In re Terraform Labs Pte. Ltd.*, No. 24-10070 (BLS) (D. Del.).

### Discovery

The Government anticipates that Rule 16 discovery in this matter will be voluminous, consisting of multiple terabytes of data. The discovery will include the following categories, among others:

1. Search warrants, related affidavits, and materials seized pursuant to those warrants. Some of those warrants relate to accounts or devices used by Kwon, including his business and personal email accounts, his Twitter account, and four of his electronic devices.

2. Email and other communications, consensual recordings of the defendant, financial and trading records, promotional materials, internal business records, and other materials produced by Terraform or its former employees and officers, its investors, and its business partners.

3. Trading records and other materials from cryptocurrency exchanges.

4. Publicly available materials, such as written and recorded public statements by the defendant, blockchain data, and blog and social media posts.

5. Records provided by third-party service providers, such as telecommunications providers, financial services providers, and social media companies.

6. Materials provided by other government entities, including the SEC and the Commodity Futures Trading Commission.

The parties are engaging in ongoing discussions about a proposed protective order, and hope to provide the Court with such an order in the coming days.

          Respectfully submitted,

          MATTHEW PODOLSKY
          Chief Counsel to the Acting United States Attorney
          Attorney for the United States, Acting under Authority
          Conferred by 28 U.S.C. § 515

by: _____/s/ Jared Lenow_____
     Jared Lenow / Kimberly Ravener / Andrew Thomas
     Assistant United States Attorneys
     United States Attorney's Office for the
     Southern District of New York

Cc (by ECF):

Mike Ferrara, Esq.
Sean Hecker, Esq.
David Patton, Esq.
Christopher Morel, Esq.
Andrew Chesley, Esq.
Hecker Fink LLP

4