

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javitz Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

January 17, 2025

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Do Hyeong Kwon*, 23 Cr. 151 (PAE)

Dear Judge Engelmayer:

      The Government writes on behalf of the parties to request that the Court resolve a dispute over a provision in the attached proposed protective order barring the defendant and his counsel from sharing discovery materials with attorneys outside the United States. Because the provision is necessary to ensure the protective order's enforceability, and the terms of the proposed order are not otherwise disputed, the Government requests that the Court enter the proposed order, attached hereto, or schedule a conference to address the matter.

      As discussed at the initial pretrial conference, the discovery in this case includes multiple terabytes of digital information from individuals and business, including numerous victims and potential trial witnesses. The records include a variety of sensitive and personally-identifying materials, ranging from financial account records to private emails and text messages, to information about proprietary algorithms, investment strategies, and computer code. The parties are in agreement that a protective order would be appropriate in light of the nature of the discovery materials.

      The parties have had productive discussions about the terms of a proposed protective order and have reached agreement on all issues save one: whether the defense may transfer custody of the discovery materials in this case to the defendant's foreign lawyers located outside the United States. The attached proposed protective order includes the disputed provision requested by the Government at Paragraph 2.d., with that provision stating that discovery subject to the protective order ("Protected Information") "[s]hall not be transferred out of the United States, although the defendant or his counsel may display the Protected Information on a read-only basis to, and discuss the Protected Information with, Designated Persons located outside the United States."

      The Government seeks to restrict the transfer of discovery materials abroad because permitting otherwise will effectively leave the disposition of the discovery materials to the rules and decision-making of foreign jurisdictions. For example, this Court lacks the power to

practically enforce the terms of a protective order entered in this matter against foreign lawyers located overseas, even if those foreign lawyers consent to the order.  Also, foreign authorities or courts may compel the production of discovery materials transferred to their jurisdiction regardless of any restrictions imposed by this Court. In short, the release of the Protected Information into foreign jurisdictions would risk eviscerating the provisions and intent of the Protective Order.

      The Government understands that the defense is seeking to share the discovery in this matter with foreign counsel in order to coordinate the defendant's legal strategy in multiple jurisdictions, and to allow all of the defendant's counsel both here and abroad to analyze the full body of discovery in multiple jurisdictions to advance his defense in all of those forums (in the United States, South Korea, and potentially other countries).  However, the Government's proposed order allows the defendant's lawyers in this matter to discuss the discovery with the defendant's lawyers overseas, and to display the discovery materials in a videoconference or other read-only format for the benefit of the defendant's foreign lawyers.  Further, the Government's proposal allows the defendant's foreign counsel to possess the discovery as long as they travel to the United States to do so, and of course foreign counsel may transfer evidence obtained abroad to the United States (if that is permitted by the foreign jurisdiction).

      By permitting the defendant's foreign counsel to review but not possess the discovery, the Government's proposed order represents a reasonable balance between the privacy interests that militate in favor of restricted use of the discovery materials in this case and the defendant's strategic interests in preparing to defend a foreign prosecution.  Neither the Government nor the Court will be able to ensure respect for the sensitive victim, witness, and proprietary materials in the discovery if it is sent abroad, and the defendant has no absolute entitlement under U.S. law to use materials produced in this case to aid his defense in other jurisdictions (where he is not even present), or to have foreign lawyers who are not representing him in this case maintain a set of discovery materials.

      For these reasons, the Government respectfully submits that the proposed Protective Order should be entered by the Court or that a conference be scheduled to address this dispute. The Government understands that the defense wishes to file a response to this letter.

                      Respectfully submitted,

                      MATTHEW PODOLSKY
                      Chief Counsel to the Acting United States Attorney
                      Attorney for the United States, Acting under Authority
                      Conferred by 28 U.S.C. § 515

        by: _____/s/ Jared Lenow_____
              Marguerite B. Colson
              Jared Lenow
              Sarah Mortazavi
              Kimberly Ravener
              Assistant United States Attorneys
              United States Attorney's Office for the
              Southern District of New York

Cc (by ECF):

Mike Ferrara, Esq.
Sean Hecker, Esq.
David Patton, Esq.
Christopher Morel, Esq.
Andrew Chesley, Esq.
Hecker Fink LLP