UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                    :
UNITED STATES OF AMERICA
                                                    :       CONSENT PRELIMINARY ORDER
            - v. -                                          OF FORFEITURE AS TO SPECIFIC
                                                    :       PROPERTY/
DO HYEONG KWON,                                             MONEY JUDGMENT
                                                    :
            Defendant.                                      S1 23 Cr. 151 (PAE)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

            WHEREAS, on or about January 2, 2025, DO HYEONG KWON (the
"Defendant"), was charged in a superseding Indictment, S1 23 Cr. 151 (JPC) (the "Indictment"),
with conspiracy to defraud the United States, in violation of Title 18, United States Code, Section
371 (Count One); commodities fraud, in violation of Title 7, United States Code, Sections 9(1)
and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1, and Title 18, United States
Code, Section 2 (Counts Two and Six); securities fraud, in violation of Title 15, United States
Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title
18, United States Code, Section 2 (Counts Three and Seven); wire fraud, in violation of Title 18,
United States Code, Sections 1343 and 2 (Counts Four and Eight); conspiracy to defraud and
engage in market manipulation, in violation of Title 18, United States Code, Section 371 (Count
Five); and money laundering conspiracy, in violation of Title 18, United States Code, Section
1956(h) (Count Nine);

            WHEREAS, the Indictment included a forfeiture allegation as to Counts One,
Three, Four, Five, Seven, and Eight of the Indictment, seeking forfeiture to the United States,
pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,
Section 2461(c), of any and all property, real and personal, that constitutes or is derived from
proceeds traceable to the commission of the offenses charged in Counts One, Three, Four, Five,

Seven and Eight of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Three, Four, Five, Seven and Eight of the Indictment and the following specific property:

    a.  The entity Terraform Labs PTE, Ltd.;

    b.  Any and all assets, funds, and property of Terraform Labs PTE, Ltd.;

    c.  The entity the Luna Foundation Guard Ltd.;

    d.  Any and all assets, funds, property of the Luna Foundation Guard Ltd.;

    e.  Any and all accounts held in the name of Terraform Labs PTE, Ltd. at Sygnum Bank AG, including but not limited to accounts with account number ending in -3674 and -1793;

    f.  Any and all accounts held in the name of Terraform Labs PTE, Ltd. at CIMB Bank, including but not limited to an account with account number ending in -5203;

    g.  Any and all accounts held in the name of Terraform Labs PTE, Ltd. at DBS Bank;

    h.  Any and all assets, funds, and property held at the cryptocurrency exchange KuCoin under user number ending in -5668;

    i.  Any and all assets, funds, and property held at the cryptocurrency exchange OKX under user number ending in -9526;

    j.  Any and all assets, funds, and property held at the cryptocurrency exchange Kraken under user number ending in -SCDI;

    k.  Any and all assets, funds, and property held at the cryptocurrency exchange Binance under user numbers ending in -1760, -2128, and -9329; and

l.  Cryptocurrency wallets with the addresses ending in -qexu, tv4q, and 06dz;

(a. through l., collectively, the "Indictment Specific Property");

WHEREAS, on or about August **12**, 2025 the Defendant pled guilty to Counts One and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Four and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $19,286,774.78 in United States currency, representing the amount of property that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Four of the Indictment; (ii) all right, title and interest of the Defendant in the Indictment Specific Property; and (iii) all right, title, and interest of the Defendant in the following specific property:

a.  All right, title, and interest in any digital asset issued by, minted by, or created at the genesis of the "Terra Protocol"; and

b.  All right, title, and interest in the Terra blockchain's native token LUNA

(a and b, collectively with the Indictment Specific Property, the "Forfeited Specific Property").

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $19,286,774.86 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Forfeited Specific Property, which constitutes or is derived from proceeds traceable to the offenses charged in Counts One and Four of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Forfeited Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Sarah Mortazavi, Marguerite B. Colson, and Kim Ravener, of counsel, and the Defendant and his counsel, Michael Ferrara, Esq., Sean Hecker, Esq., David Patton, Esq., and Andrew Chesley, Esq., that:

1.      As a result of the offenses charged in Counts One and Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $19,286,774.86 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Four of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offenses charged in Counts One and Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Forfeited Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant DO HYEONG KWON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Forfeited Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Forfeited Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

        8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Forfeited Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Forfeited Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

        9.      Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

        10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Forfeited Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Forfeited Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States
is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount
of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the
United States Attorney's Office is authorized to conduct any discovery needed to identify, locate
or dispose of forfeitable property, including depositions, interrogatories, requests for production
of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order
of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to
Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          2025. 08. 12
      SARAH MORTAZAVI                                  DATE
      MARGUERITE B. COLSON
      KIM RAVENER
      Assistant United States Attorney
      26 Federal Plaza
      New York, NY 10278

DO HYEONG KWON

By: _____          12 Aug 2025
      DO HYEONG KWON                             DATE

By: _____          12 Aug 2025
      MICHAEL FERRARA, ESQ.                     DATE
      SEAN HECKER, ESQ.
      DAVID PATTON, ESQ.
      ANDREW CHESLEY, ESQ.
      Attorneys for Defendant
      350 5th Ave. Ste 63rd Floor
      New York, NY 10118

SO ORDERED:

_____          8/12/2025
HONORABLE PAUL A. ENGELMAYER              DATE
UNITED STATES DISTRICT JUDGE