# EXHIBIT D

# DECLARATION

We, Goran Rodić and Marija Radulović, declare as follows:

1. We are attorneys licensed to practice law in the Republic of Montenegro.

2. We were counsels to Do Hyeong Kwon in connection with a criminal charge in Montenegro as well as two requests for Mr. Kwon's extradition from the Republic of Korea ("South Korea") and the United States of America.

3. We write this declaration to provide the Court in the above-captioned case with a description of the of Mr. Kwon's extradition proceedings in Montenegro and circumstances that led to a long duration of the extradition proceeding.

4. The extradition proceeding against Mr. Kwon in Montenegro lasted for 19 months, and in that period of time domestic Courts made numerous decisions, even though, at the bare beginning of the proceeding, Mr. Kwon gave his consent for the extradition both to South Korea and United States of America, clearly expressing his interest for rapid and efficient conclusion of the extradition proceeding.

5. A request from a foreign country for the extradition of someone in Montenegro can be handled under either of two processes: the "summary" process and the "ordinary" process. The summary process is triggered when the requested individual consents to the extradition to the requesting country. The summary process is conducted entirely by an assigned investigating judge and the High Court (a three-judge panel of a court of first instance), and it typically results in individuals being extradited more quickly.

6. The High Court's role in a summary extradition proceeding is to ensure that the extradition request complies with Montenegrin law and with the relevant international treaty governing the extradition in question. Whether or not an individual consents to extradition, Montenegro cannot extradite someone in contravention of the laws of Montenegro or the treaties governing the extradition in question.

7. In addition, the High Court in a summary extradition proceeding that involves multiple extradition requests must select the extradition request to grant. Under the terms of the relevant extradition treaties and the law of Montenegro, when Montenegro receives simultaneous requests to extradite an individual to South Korea and the United States, the decision should be taken having regard to the seriousness of the criminal offenses, the place of commission, the respective dates of the requests for extradition, the nationality of the person claimed, the possibility of subsequent extradition to another state, and other circumstances. Having regard to all the mentioned circumstances, the court decides which of the requests will have advantage over the other(s).

8. In Mr. Kwon's case, South Korea requested his extradition on March 29, 2023 and the United States requested his extradition on April 3, 2023.

9. The High Court, considering Mr. Kwon's extradition has, rendered six decisions in his case.

10. First, on November 17, 2023, the High Court issued a legally erroneous decision directing that Mr. Kwon's extradition should be decided by the Minister of Justice, instead of the summary process. The basis for that decision was the High Court's erroneous determination that

Mr. Kwon had not consented to extradition to the United States, rendering the summary process inappropriate.

11. On December 14, 2023, the Court of Appeal of Montenegro vacated the High Court's decision referring Mr. Kwon's extradition to Minister of Justice and remanded the case back to the investigating judge to determine whether Mr. Kwon consented to extradition to the United States. The Court of Appeal also directed the High Court to strictly apply the terms of the treaties governing extradition from Montenegro to the United States and to South Korea.

12. After the decision of the Court of Appeal, Mr. Kwon confirmed to the investigating judge that he consented to extradition to the United States to the extent the request complied with Montenegrin law. Mr. Kwon's consent to extradition to South Korea was subject to the same requirement.

13. Instead of following the procedures as instructed by the Court of Appeal, the High Court reissued an almost identical erroneous decision referring Mr. Kwon's extradition to the Minister of Justice on December 29, 2023.

14. On February 8, 2024, the Court of Appeal again vacated the decision of the High Court and directed that court to determine in accordance with the terms of the treaties and Montenegrin law whether Mr. Kwon should be extradited to the United States or to South Korea, rather than deferring the decision to the Minister of Justice.

15. On February 20, 2024, the High Court ruled that Mr. Kwon should be extradited to the United States based on erroneous information that the court received from the former Minister of Justice, Mr. Andrej Milović, indicating that the extradition request from the United States arrived first in Montenegro, when in fact the opposite is the case.

16. On February 22, 2024, the Minister of Justice at the time the extradition requests were received in March and April 2023 publicly stated that the request from South Korea arrived first and that the most recent decision of the High Court was erroneous.

17. We have appealed the High Court's February 20, 2024 decision, in light of the illegality of the High Court's decision ordering the extradition of Mr. Kwon on the basis of false informations provided by the Ministry of Justice.

18. In the proceeding in front of the Court of Appeal, Ministry of Justice of South Korea took the unprecedented step of directly submitting evidence to the Court of Appeal. This evidence that Ministry of South Korea provided to the Court demonstrated that South Korea had indeed sent its extradition request on March 24, 2023.

19. In light of these events, on March 5, 2024, the Court of Appeal overturned the High Court's decision. The Court of Appeal highlighted the High Court's failure to adequately scrutinize the sequence of receiving the extradition requests and acknowledged the compelling evidence provided by South Korea, including a chronology of actions and documentation proving that the extradition request was submitted on March 24, 2023. These findings prompted the court to invalidate the previous ruling, indicating flaws in the examination of the extradition requests and the evidence provided by South Korea.

20. On March 6, 2024, the High Court rendered Decision Kv.br. 265/24, granting the extradition of Mr. Kwon to South Korea while dismissing the extradition request from the U.S

21. After meticulous scrutiny, the High Court found both the U.S. and South Korea comparable in terms of the location of the offense and extradition possibilities. However, upon further evaluation of criteria such as the severity of the offense, citizenship, and the order of

extradition requests, the Court determined that South Korea's request took precedence. The High Court determined that South Korea filed the request for extradition of Mr. Kwon first, on March 24, 2023.

22. On March 20, 2024, the Court of Appeal affirmed the High Court's decision and by way of the Court of Appeal's decision, the decision became final and extradition process for Mr. Kwon was finalized under Montenegrin law.

23. On March 21, 2024, the Supreme State Prosecutor's Office took an extraordinary step of filing a Request for the protection of legality against the rulings of both the High Court (Case No. Kv.br. 265/24) dated March 6, 2024, and the Court of Appeal (Case No. Kvž.br. 179/24) dated March 20, 2024 to the Supreme Court.

24. Criminal Procedure Code of Montenegro allows that the decision examined in the proceeding initiated by the request for the protection of legality, can be vacated or reversed only if the contested decision is at the detriment of the defendant. If the final court decision has been made in favor of the defendant, Supreme Court cannot vacate or reverse the final decision. In Mr. Kwon's case, case files undoubtedly confirm that Mr. Kwon led a legal battle for more than a year with an aim to be extradited in a summary extradition procedure, so the request for the protection of legality was submitted on his detriment.

25. In contravention with the Criminal Procedure Code (explained in 24), the Supreme Court of Montenegro rendered the judgment, Kzz.no. 4/24 from April 3, 2024, by which it upheld the request for the protection of legality and vacated the decisions of the High Court and the Court of Appeal.

26. Applying the judgment of the Supreme Court of Montenegro, the panel of the High Court (which was again chaired by Boris Savić) issued the decision, Kv.no. 424/24 from April 8, 2024. The aforementioned decision only established that both requests fulfilled the necessary legal conditions for the extradition, while the decision on the extradition was to be made by the Minister of Justice.

27. The defense filed an appeal against the High Court's decision, and on May 17, 2024, by the decision Kvž.no. 276/24, the Court of Appeal granted the defense's appeal and overturned the High Court's decision again. In its judgment, the Court of Appeal underscored that reasoning behind the decision of the High Court is unclear and uncomplete, because High Court, apart from citing reasons from the Supreme Court's decision Kzz.no. 4/24 from April 3, 2024, doesn't mention reasons by which he was guided while making the decision;

28. Court of Appeal emphasized that, in accordance with the Law on International Legal Assistance in Criminal Matters, if the individual sought for extradition consents to being extradited, the extradition is carried out through a summary procedure, in which case the Court decides on the extradition;

29. The High Court, by making the sixth decision in this proceeding, finally, on June 28, 2024, made a decision on the extradition of Mr. Kwon to South Korea, based on the extradition request filed on March 24, 2023.

30. Acting by the official duty, in accordance with article 19 par. 2 of the Law on International Legal Assistance in Criminal Matters, High Court delivered case files to the Court of Appeal, for examining the first instance decision in the part where the extradition request filed by U.S. was declined.

31. After examining case files by the official duty, Court of Appeal, by the decision Kvž.no. 477/24 from July 30, 2024, confirmed High Court decision, Kv.no. 632/24 from June 28, 2024. Court of Appeal underlined that, through numerous decisions, the court practice has been well established – that in summary court proceeding, when the defendant gave his consent for extradition, the Court makes a final decision on extradition

32. On August 2, 2024, the Supreme State Prosecutor's Office took again an extraordinary step of filing a request for the protection of legality against the rulings of both the High Court (Case No. Kv.br. 632/24) dated June 28, 2024, and the Court of Appeal (Case No. Kvž.br. 477/24) dated July 30, 2024 to the Supreme Court of Montenegro.

33. The Supreme Court of Montenegro rendered judgement on September 19, 2024, upholding the request for the protection of the legality and overturning the rulings of both High Court and the Court of Appeal and deciding that the Minster of Justice, and not the Court, will make a final decision on the extradition of Mr. Kwon.

34. Against the final decision of the Supreme Court of Montenegro, Mr. Kwon lodged a constitutional appeal to the Constitutional Court of Montenegro.

35. Constitutional Court of Montenegro rendered decision on October 18, 2024, suspending the execution of the Supreme Court judgment until the decision on the constitutional appeal is made.

36. Constitutional Court of Montenegro rendered decision on December 24, 2024, rejecting the constitutional appeal of Mr. Kwon.

37. On December 27, 2024, Minister of Justice made a decision on the extradition of Mr. Kwon to United States of America. That decision was executed on December 31, 2024, and Mr. Kwon was extradited to US.

38. Mr. Kwon gave his consent for the extradition both to South Korea and United States of America at the bare beginning of the procedure, undoubtedly expressing his interest for expeditious completion of the extradition procedure. Mr. Kwon did not contribute to or influenced in any manner the unreasonably long duration of the extradition proceeding in Montenegro. The extradition process has taken far longer than anticipated at the outset because of the numerous unanticipated mistakes made by the domestic courts.

Executed at:   Podgorica, Republic of Montenegro
               October 25, 2025

Goran Rodić, attorney at law

Marija Radulović, attorney at law