# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | NOTICE OF INTENT TO<br>REQUEST JUDICIAL REMOVAL |
| - against - | |
| DO HYEONG KWON, | Criminal Docket No. S1 23 Cr. 151 (PAE) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NOTICE IS HEREBY GIVEN TO DO HYEONG KWON ("the defendant") and to his attorneys of record herein, Mike Ferrara, Esq., Sean Hecker, Esq., David Patton, Esq., Christopher Morel, Esq., and Andrew Chesley, Esq., that upon conviction of the defendant for the offenses of (1) Conspiracy to Commit Commodities Fraud, Securities Fraud, and Wire Fraud in violation of 18 U.S.C. § 371; and (2) Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2, the United States of America shall request that the Court issue a Judicial Order of Removal against the defendant pursuant to Section 238(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1228(c).

Dated:  November 25, 2025
        New York, New York

JAY CLAYTON
United States Attorney
Southern District of New York

By: _____
Marguerite B. Colson
Sarah Mortazavi
Kimberly Ravener
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | FACTUAL ALLEGATIONS <br> <u>IN SUPPORT OF JUDICIAL REMOVAL</u> |
| - against - | |
| DO HYEONG KWON, | Criminal Docket No. S1 23 Cr. 151 (PAE) |
| Defendant. | |

------------------------------X

NOTICE IS HEREBY GIVEN TO DO HYEONG KWON ("the defendant") and to his attorneys of record herein, Mike Ferrara, Esq., Sean Hecker, Esq., David Patton, Esq., Christopher Morel, Esq., and Andrew Chesley, Esq., that the United States of America alleges the following facts in support of the Notice of Intent to Request Judicial Removal:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of South Korea and a citizen of South Korea.

3. On or about December 31, 2024, the defendant was paroled into the United States for the purpose of criminal prosecution, pursuant to Section 212(d)(5) of the Immigration and Nationality Act of 1952, as amended, ("Act" or "INA").

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Commodities Fraud, Securities Fraud, and Wire Fraud in violation of 18 U.S.C. § 371; and Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2.

5. A total maximum sentence of 25 years' imprisonment may be imposed for the above-mentioned offenses.

6. The defendant is, and at time of sentencing will be, subject to removal from the United States pursuant to: (1) Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act; and (2) Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

WHEREFORE, pursuant to 238(c) of the Act, 8 U.S.C. § 1228(c), the United States of America requests that the Court order the defendant removed from the United States to South Korea.

Dated:      November 25, 2025                  JAY CLAYTON
            New York, New York                 United States Attorney
                                               Southern District of New York

                                 By:   _____
                                       Marguerite B. Colson
                                       Sarah Mortazavi
                                       Kimberly Ravener
                                       Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S PLEA STATEMENT IN <u>SUPPORT OF JUDICIAL REMOVAL</u> |
| - against – | |
| DO HYEONG KWON, | Criminal Docket No. S1 23 Cr. 151 (PAE) |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

   DO HYEONG KWON, defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Do Hyeong Kwon.

2. I received a Notice of Intent to Request Judicial Removal ("Notice"), dated November 25, 2025. I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (the "Act" or "INA"), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3. I received the Factual Allegations in Support of Judicial Removal ("Allegations"), November 25, 2025. I hereby waive my right, pursuant to Section 238(c)(2)(B) of the Act, 8 U.S.C. § 1228(c)(2)(B), to have the allegations served 30 days prior to sentencing.

4. My rights in a judicial removal proceeding have been fully explained to me by my attorneys, Mike Ferrara, Esq., Sean Hecker, Esq., David Patton, Esq., Christopher Morel, Esq., and Andrew Chesley, Esq. After consultation with my counsel and

understanding the legal consequence of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the Act, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge this order. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including the right to examine the evidence against me, present evidence on my own behalf, and cross examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

5. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

6. I hereby concede that I am removable from the United States pursuant to: (1) Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act; and (2) Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the Act, as amended, and related federal regulations. These rights include, but are not limited to, the ability

to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article III of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status (current or future); waivers under Sections 212(h) and 212(i) of the Act, 8 U.S.C. §§ 1182(h), 1182(i); visa petitions; consular processing; voluntary departure or any other possible protection or relief from removal available under the Constitution, laws or treaty obligations of the United States.

8. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the Act, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in South Korea and have no present fear of persecution in South Korea, the country of my citizenship. I further acknowledge that I have not been tortured in South Korea and have no present fear of torture in South Korea, the country of my citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet with

and to cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the Act, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to South Korea and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

_____                                          _____
Date                                                                                    Defendant's Signature


_____                                          _____
Date                                                                                    Attorney for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | CONCURRENCE OF UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT |
| - against - | |
| DO HYEONG KWON, | Criminal Docket No. S1 23 Cr. 151 (PAE) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Based upon consideration of the applicable law and the defendant's statement, I hereby concur, on behalf of United States Immigration and Customs Enforcement, in the United States Attorney's request that a judicial order of removal be granted against the defendant.

Dated:  November 25, 2025
        New York, New York

**KENNETH D GENALO**
Digitally signed by KENNETH D GENALO
Date: 2025.11.25 12:57:41 -05'00'

KENNETH GENALO
Field Office Director
United States Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

  - against -

DO HYEONG KWON,
Defendant.

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. S1 23 Cr. 151 (PAE)

------------------------------X

  Upon the application of the United States of America, by Marguerite B. Colson, Sarah Mortazavi, and Kimberly Ravener, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of Do Hyeong Kwon (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of South Korea.

3. On or about December 31, 2024, the defendant was paroled into the United States for the purpose of criminal prosecution, pursuant to Section 212(d)(5) of the Immigration and Nationality Act of 1952, as amended, ("Act" or "INA").

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: Conspiracy to Commit Commodities Fraud, Securities Fraud, and Wire Fraud in violation of 18 U.S.C. § 371; and Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2.

5. A total maximum sentence of 25 years' imprisonment may be imposed for the above-mentioned offenses.

6. The defendant is subject to removal from the United States pursuant to: (1) Section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act; and (2) Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated South Korea as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to South Korea.

Dated: _____, 2025
New York, New York

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE