Kzz.br.12/24



## U IME CRNE GORE

Vrhovni sud Crne Gore, u vijeću sastavljenom od sudija Seke Piletić, kao predsjednice vijeća, Zorana Šćepanovića, dr Vesne Vučković, Marijane Pavićević i Ane Vuković, kao članova vijeća, uz učešće samostalnog referenta Darinke Kostić, kao zapisničarke, u predmetu izručenja Kwon Do Hyeonga, odlučujući o zahtjevu za zaštitu zakonitosti Vrhovnog državnog tužilaštva Crne Gore Ktz.br.15/24 od  02.08.2024. godine, podiginutom protiv pravosnažnog rješenja Višeg suda u Podgorici Kv.br.632/24 od 28.06.2024.godine i rješenja Apelacionog suda Crne Gore Kvž.br.477/24 od 30.07.2024.godine, nakon sjednice vijeća održane dana 08.08. 2024 godine, te nakon tajnog vijećanja i glasanja, većinom glasova, dana19.09.2024.godine, donio je

## P R E S U D U

Usvaja se zahtjev za zaštitu zakonitosti Vrhovnog državnog tužilaštva Crne Gore Ktz.br.15/24 od 02.08.2024.godine, pa se preinačavaju rješenja Višeg suda u Podgorici Kv.br.632/24 od 28.06.2024.godine i Apelacionog suda Crne Gore Kvž.br.477/24 od 30.07.2024.godine, na način što se:

Utvrđuje da su ispunjeni uslovi za izručenje Kwon Do Hyeonga, sa ličnim podacima kao u dispozitivu prvostepenog rješenja, državama moliljama:

1. Republici Koreji po molbi Ministarstva pravde Republike Koreje od 24.03.2023. godine, a radi izručenja u cilju vođenja krivičnog postupka zbog krivičnog djela povreda Zakona o finansijskim investicionim uslugama i tržištu kapitala (prevarno nepošteno trgovanje) iz čl. 443 st. 2 (1), čl. 443 stav 1 (8) i (9), čl. 178 stav 1 i stav 2 Zakona o finansijskim investicionim uslugama i tržištu kapitala, krivičnog djela kršenje Zakona o teškom kažnjavanju određenih privrednih zločina (prevara) koji potpada pod čl. 3 st. 1 Zakona o teškom kažnjavanju određenih privrednih zločina u Republici Koreji i člana 317 stav 1 Krivičnog zakonika Republike Koreje, te krivičnog djela kršenje Zakona o tržištu kapitala i finansijskim ulaganjima iz čl. 444 st. 1, člana 11, člana 444 st 12 i čl. 119 Zakona o tržištu kapitala i finansijskim ulaganjima Republike Koreje (kršenje javne ponude);

2. Sjedinjenim Američkim državama po molbi Ministarstva vanjskih poslova Sjedinjenih Američkih Država br. 182-88166 od 04.04.2023.godine i molbi za hapšenje radi ekstradicije Ambasade Sjedinjenih Američkih Država br. 047-23 od 25.03.2023.godine, a u cilju vođenja krivičnog postupka na osnovu Optužnice Okružnog suda Sjedinjenih država Južnog okruga Njujorka br. 23 Krim 151 od 23.03.2023.godine, zbog krivičnog djela zavjera radi činjenja prevare u vezi sa

(a) ugovorom o prodaji robe, (b) kupovinom i prodajom hartija od vrijednosti i (v) prenosom međudržavnih doznaka, u suprotnosti sa Glavom 18 Zakona SAD, odjeljak 371, krivičnog djela prevara u vezi sa ugovorom o prodaji robe i pomaganje i podržavanje, u suprotnosti sa Glavom 7, Zakona SAD, odjeljcima 9 (1) i 13 (a)(5), Glavom 17 Zakona saveznih propisa, odjeljak 180.1, i Glava 18 Zakona SAD, odjeljak 2, krivičnog djela prevara u vezi sa kupovinom i prodajom hartija od vrijednosti, kao i pomaganje i podržavanje, u suprotnosti sa Glavom 15 Zakona SAD, odjeljcima 78(b) i 78ff, Glavom 17 Zakona saveznih propisa, odjeljak 240.10b-5 i Glava 18 Zakona SAD, odjeljak 2, krivičnog djela elektronska prevara i pomaganje i podržavanje, kršenje Glave 18 Zakona SAD, odjeljci 1343 i 2 i 1, te krivično djelo Zavjera radi činjenja prevare u vezi sa (a) ugovorom o prodaji robe, (b) kupovinom i prodajom hartija od vrijednosti, (v) manipulacijom cijenama hartija od vrijednosti i (g) prenosom međudržavnih doznaka, kršeći Glavu 18 Zakona SAD, odjeljak 371.

Spise predmeta dostaviti Ministru pravde Crne Gore radi odlučivanja o dozvoli izručenja.

O b r a z l o ž e nj e

Rješenjem Višeg suda u Podgorici Kv.br. 632/24 od 28.06.2024.godine, u stavu I dozvoljeno je izručenje u skraćenom postupku državljanina Republike Južne Koreje okrivljenog Kwon Do Hyeonga, sa ličnim podacima kao u dispozitivu tog rješenja, a po molbi Ministarstva pravde Republike Koreje od 24.03.2023 godine, toj državi, a radi izručenja u cilju vođenja krivičnog postupka zbog krivičnih djela navedenih u tač.1 izreke ove presude.

Istim rješenjem u stavu II, odbijeno je izručenje u skraćenom postupku državljanina Republike Južne Koreje okrivljenog Kwon Do Hyeonga, sa ličnim podacima kao u dispozitivu tog rješenja, a po molbi Ministarstva vanjskih poslova Sjedinjenih Američkih Država br. 182-88166 od 04.04.2023.godine i molbi za hapšenje radi ekstradicije Ambasade Sjedinjenih Američkih Država br. 047-23 od 25.03.2023.godine, toj državi (Sjedinjene Američke Države), a u cilju vođenja krivičnog postupka na osnovu Optužnice Okružnog suda Sjedinjenih država Južnog okruga Njujorka br. 23 Krim 151 od 23.03.2023.godine, zbog krivičnih djela  navedenih u tač.2 izreke ove presude.

Rješenjem Apelacionog suda Crne Gore Kvž.br. 477/24 od  30.07.2024.godine, potvrđeno je rješenje Višeg suda u Podgorici  od 28.06.2024.godine u st.II, u kojem dijelu je u smislu čl.19 st.2 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima, Apelacioni sud postupao po službenoj dužnosti, dok je u st.I rješenje postalo pravosnažno budući da protiv rješenja ovlašćeni subjekti nijesu uložili žalbe.

Protiv rješenja Višeg suda u Podgorici Kv.br.632/24 od 28.06.2024.godine i Apelacionog suda Crne Gore Kvž.br.477/24 od  30.07.2024.godine, Vrhovno državno tužilaštvo Crne Gore (VDT CG) podiglo je zahtjev za zaštitu zakonitosti Ktz.br.15/24 od 02.08.2024.godine, zbog povrede zakona, sa predlogom da se shodno odredbi čl.440 st.4 Zakonika o krivičnom postupku odloži izvršenje naprijed navedenih odluka Višeg suda u Podgorici i Apelacionog suda Crne Gore, do donošenja odluke po podnijetom zahtjevu za zaštitu zakonitosti, izjavljenom na ove sudske odluke.

U zahtjevu se u bitnom navodi da su nižestepeni sudovi utvrdili da su ispunjene zakonske pretpostavke za izručenje okrivljenog Kwon Do Hyeonga po molbama  za izručenje nadležnih organa Republike Koreje i SAD-a, kao i da je okrivljeni dao saglasnost da se izručenje izvrši u pojednostavljenoj proceduri, kako nadležnim pravosudnim organima Republike Koreje, tako i nadležnim pravosudnim organima

SAD-a. Dalje je istaknuto da je navedenim rješenjima povrijeđen zakon o međunarodnoj pravnoj pomoći u krivičnim stvarima, koja povreda se ogleda u tome da se postupci izručenja u pojednostavljenoj proceduri, odnosno izručenja u skraćenom postupku, primjenjuju samo u onim predmetima ekstradicije kada je podnijeta jedna molba za izručenje od strane jedne države. U svim ostalim situacijama koje podrazumijevaju da je podnijeto dvije ili više molbi za izručenje od strane dvije ili više stranih država, nema mjesta primjeni instituta izručenja u pojednostavljenoj proceduri, već se primjenjuje redovni postupak ekstradicije, kada sud po svakoj zamolnici za izručenje odlučuje u smislu ispunjenosti zakonskih uslova za izručenje, nakon čega ministar pravde, imajući u vidu odredbu čl.17 Evropske konvencije o ekstradiciji, odredbe čl.26 u vezi čl.21 i 22 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima, te eventualno postojanje bilateralnog ugovora, odlučuje o dozvoli izručenja. U zahtjevu se ističe da je u konkretnom slučaju prvostepeni sud pravilno utvrdio da su ispunjene zakonske pretpostavke za izručenje po molbama obje države molilje, a što je potvrdio i Apelacioni sud Crne Gore, ali je time što se upustio u postupak odlučivanja o dozvoli izručenja, što je u isključivoj nadležnosti ministra nadležnog za poslove pravosuđa, sud prekoračio ovlašćenja koja mu pripadaju po Zakonu o međunarodnoj pravnoj pomoći u krivičnim stvarima i preuzeo ovlašćenja koja su shodno čl.21 pomenutog Zakona, u nadležnosti ministra pravde, odnosno nadležnosti administrativnog postupka koji se sprovodi pred njim. Istaknuto je da se ne može dati saglasnost za izručenje u skraćenom postupku dvijema državama niti se kod postojanja više zamolnica za izručenje može ostaviti okrivljenom na volju kojoj će državi biti izručen, u kom pravcu se tužilac pozvao na sudsku praksu - odluke Vrhovnog suda Crne Gore i Vrhovnog suda Republike Hrvatske koje presude je priložio uz podnijeti zahtjev, ukazujući na standard propisan Zakonom o pravosudnoj saradnji u krivičnim stvarima sa državama članicama Evropske unije. Predloženo je da Vrhovni sud Crne Gore, ne upuštajući se u donošenje odluke o izručenju, preinači pravosnažne odluke navedenih nižestepenih sudova, utvrđujući da su ispunjeni uslovi za izručenje državama moliljama Republici Koreji i SAD-a, kao i da se shodno odredbi čl.440 st.4 Zakonika o krivičnom postupku, odloži izvršenje odluka Višeg suda u Podgorici Kv.br.632/24 i Apelacionog suda Crne Gore Kvž.br.477/24, do donošenja odluke Vrhovnog suda po podignutom zahtjevu za zaštitu zakonitosti, kako je to ovlašćeni tužilac predložio i u urgenciji od 06.08.2024. godine, u kojem aktu je navedeno da bi ukoliko se na osnovu nezakonitih pravosnažnih sudskih odluka, Kwon Do Hyeonga izruči državi Republici Koreji, navedeno imalo za posledicu da se odlukom Vrhovnog suda Crne Gore, koja bi eventualno uslijedila nakon izručenja, ne bi blagovremeno otklonile nezakonitosti, odnosno štetne posledice koje bi proistekle iz izvršenja naznačenih odluka koje se pobijaju predmetnim zahtjevom.

Prije iznošenja predmeta na odlučivanje, sudija izvjestilac je shodno odredbama čl.440 st.2 i st.3 Zakonika o krivičnom postupku, dostavio primjerak zahtjeva za zaštitu zakonitosti licu čije se izručenje traži, Kwon Do Hyeonga i njegovim advokatima, Goranu Rodiću i Mariji Raspopović, koji su po punomoćju ovlašćeni da ga zastupaju u postupku izručenja, i o sjednici obavjestio državnog tužioca.

Sjednica vijeća je održana u prisustvu državnog tužioca u Vrhovnom državnom tužilaštvu, koji se izjasnio da u svemu ostaje pri podignutom zahtjevu za zaštitu zakonitosti i iznijetim predlozima, s tim što je uz postojeće dodao i predlog da Vrhovni sud Crne Gore, donese odluku kojom se ukidaju odluke Višeg suda u Podgorici i Apelacionog suda Crne Gore.

Odlučujući o predlogu VDT CG o odlaganju izvršenja naprijed navedenih odluka nižestepenih sudova, ovaj sud je shodno čl.440 st.4 Zakonika o krivičnom postupku, a sobzirom na sadržinu zahtjeva za zaštitu zakonitosti, donio rješenje Kzz.br.12/24 od 08.08.2024 godine kojim je određeno odlaganje izvršenja rješenja Višeg suda u

3

Podgorici Kv.br.632/24 od 28.06.2024.godine i Apelacionog suda Crne Gore Kvž.br.477/24 od 30.07.2024.godine, o kojoj odluci je bez odlaganja obaviješteno Ministarstvo pravde Crne Gore, koje je obavezano da o istoj odluci obavjesti države molilje.

Nakon što je Kwon Do Hyeongu i njegovim advokatima dostavljen zahtjev za zaštitu zakonitosti VDT CG, čime su u smislu odredbe čl.440 st.2 Zakonika o krivičnom postupku, obaviješteni o podignutom zahtjevu, dobijajući priliku da iznesu svoje argumente u predmetnom postupku, imenovani advokati su dana 07.08.2024.godine dostavili ovom sudu podnesak naslovljen kao izjašnjenje na zahtjev, u kojem osporavaju navode podnijetog zahtjeva, koji podnesak je priložen predmetnim spisima.

Nakon ocjene navoda zahtjeva za zaštitu zakonitosti, sadržine spisa predmeta Višeg suda u Podgorici Kv.br.632/24 i Pom I br.34/23 i Apelacionog suda Crne Gore Kvž.br.477 /24, te predmetnnih spisa, Vrhovni sud Crne Gore je utvrdio:
- zahtjev je osnovan.

Osnovano se zahtjevom za zaštitu zakonitosti ukazuje da nižestepeni sudovi prilikom donošenja pobijanih rješenja nijesu pravilno primjenili odredbe Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima („Službeni list CG", br.4/2008, 36/2013 i 67/2019), a što je bilo od uticaja na donošenje pravilne i zakonite odluke.

Naime, prilikom donošenja naprijed navedenog rješenja prvostepeni sud se pozvao na odredbe čl.11 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima, u kojima su propisani uslovi za izručenje po zamolnici države molilje, kao i na odredbe čl.12 i 13 istog Zakona kojima je određeno kada izručenje nije dozvoljeno, pa je pravilno utvrdio da su ispunjene zakonske pretpostavke za izručenje Kwon Do Hyeonga, kako po molbi Ministarstva pravde Republike Koreje od 24.03.2023.godine toj državi, tako i za izručenje istog lica i po molbi Ministarstva vanjskih poslova Sjedinjenih Američkih Država od 25.03.2023.godine, toj državi. Kod činjenice da je utvrđena ispunjenost zakoniskih uslova u odnosu na obje države molilje, prvostepeni sud je zaključio da se u konkretnom slučaju radi o sukobu zahtjeva za izručenje na koji se primjenjuju odredbe čl.26 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima Crne Gore i odredbe čl.17 Evropske konvencije o ekstradiciji. Cijeneći uslove iz naprijed navedenih odredbi i imajući u vidu odredbu čl.X Konvencije o izdavanju krivaca između Kraljevine Srbije i Ujedinjenih Američkih Država iz 1901.godine, kojom je propisano da kada isto lice bude traženo od jedne ili više država zbog zločinstva ili prestupa počinjenim u njihovim jurisdikcijama, njegovo izdavanje dopustiće se onoj državi čije je traženje prvo primljeno, prvostepeni sud je dozvolio izručenje u skraćenom postupku Kwon Do Hyeonga, po molbi Ministarstva pravde Republike Koreje, toj državi, obzirom na činjenicu da je Republika Koreja prva podnijela zahtjev za ekstradiciju koji je upućen e-mailom dana 24.03.2023.godine, sa kojih razloga je odbijeno izručenje u skraćenom postupku istog lica po molbi Ministrstva vanjskih poslova Sjedinjenih Američkih Država i molbi za hapšenje radi ekstradicije Ambasade Sjedinjenih Američkih Država, toj državi, a koji su zahtjev podnijeli dana 25.03.2023.godine.

Dakle, odbijanje zamolnice Sjedinjenih Američkih Država za izručenje Kwon Do Hyeonga, prvostepeni sud obrazlaže činjenicom da je i Republika Koreja podnijela zamolnicu za njegovo izručenje, te da je to učinila prije Sjedinjenih Američkih Država, pa iz tih razloga, a s obzirom na kriterijume predviđene čl.26 Zakonom o međunarodnoj pravnoj pomoći u krivičnim stvarima te odredbu čl.X Konvencije o izdavanju krivaca između Kraljevine Srbije i Ujedinjenih Američkih Država iz 1901.godine, koja precizno reguliše ovu situaciju nalažući primjenu principa redosljeda prispjeća, za razliku od odredbe čl.17 Evropske konvencije o ekstradiciji, kojom su propisani samo formalni uslovi za odlučivanje u slučaju podnošenja zahtjeva za ekstradiciju od strane više

4

zemalja, bez odredjenja na koji način se trebaju cijeniti i kojim okolnostima treba dati veću težinu, prvostepeni sud je donio rješenje kojim je dozvolio izručenje imenovanog Republici Južnoj Koreji, dok je odbio izručenje istog lica Sjedinjenim Američkim Državama.

Navedeni razlozi prvostepenog suda koje u svemu prihvata i drugostepeni sud koji navodi da se u konkretnom slučaju radi o sukobu zahtjeva za izručenje istog lica, kada se primjenjuju odredbe čl.26 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima Crne Gore, čl.17 Evropske konvencije o ekstradiciji i odredbe čl.X Konvencije o izdavanju krivaca zaključene između Kraljevine Srbije i Ujedinjenih Američkih Država 1901.godne, koji upućuje da se po redosljedu prispjeća podnijetih zamolnica dozvoli izručenje Republici Koreji, koja je prva podnijela zahtjev za izručenje, odnosno da se odbije izručenje Sjedinjenim Američkim Državama, koja je kasnije podnijela zahtjev, su po nalaženju ovog suda neprihvatljivi.

Naime, odredbom čl.26 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima propisano je da ako izručenje lica traži više država zbog istog ili različitih krivičnih djela, prilikom odlučivanja o dozvoli izručenja uzeće se u obzir težina krivičnih djela, mjesto izvršenja, redosljed podnošenja zahtjeva, državljanstvo traženog lica, mogućnost daljeg izručenja drugoj državi, kao i druge okolnosti.

Iz sadržine odredbi čl.11, 12, 13, 15, 16 i 18 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima proizilazi da u postupku izručenja pokrenutom povodom zamolnica kako jedne tako i više država, nakon pribavljanja potrebne dokumentacije, saslušanja okrivljenog te provođena potrebnih izviđajnih radnji, sud utvrđuje samo da li su ispunjeni zakonski uslovi za izručenje. Pri tom se ovi uslovi utvrđuju za svaku zamolnicu ponaosob, pa ako sud nađe da su ispunjeni uslovi za izručenje propisani zakonom, utvdiće to rješenjem u skladu sa odredbom čl.20 st.1 istog Zakona. Tek nakon pravosnažnosti ovakvog rješenja suda o svim konkurentnim zahtjevima za izručenje, Ministar pravde shodno čl.22 istog Zakona donosi rješenje kojim izručenje dozvoljava ili nedozvoljava, a shodno kriterijumima predviđenim odredbom čl.26 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima, odnosno shodno odredbi čl.17 Evropske konvencije o ekstradiciji, te zaključenim bilateralnim ugovorima, pri čemu mora voditi računa o primjeni Evropske konvencije o zaštiti ljudskih prava i osnovnih sloboda, posebno čl.3 – zabrana mučenja i drugog nečovječnog postupanja.

Dakle, redovni postupak izručenja se dijeli na dva dijela, postupak pred sudom (čl.16-21 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima) koji je obavezan, i postupak pred ministrom pravde (čl.22-27 istog Zakona), koji je supsidijaran jer se vodi samo ako sud prethodno utvrdi da su uslovi za izručenje ispunjeni, dok u suprotnom izostaje.

Prema tome kada izručenje istog lica traži više država (čl.26 navedenog Zakona) tj. u situaciji kada se radi o konkurenciji zahtjeva za izručenje istog lica, a ne o sukobu zahtjeva za izručenje istog lica, kako to nalaze nižestepeni sudovi, obaveza suda je da u skladu sa svojim ovlašćenjima utvrdi da li su ispunjeni zakonski uslovi za izručenje okrivljenog u odnosu na svaku zamolnicu ponaosob, nakon čega nadležni ministar, a ne sud, odlučuje o dozvoli i redu prvenstva izručenja.

Nadalje, skraćeni postupak ustanovljen odredbom čl.29 navedenog Zakona je čisto sudski postupak koji teče pred sudijom za istragu (čl.16 i 18) i sudskim vijećem (čl.19) i vodi se uz saglasnost lica čije se izručenje traži. Pored odluke kojom se izručenje dozvoljava nakon što vijeće utvrdi da su uslovi za to ispunjeni, sud u skraćenom postupku donosi i odluku kojom se zamolnica odbija (čl.19 st.1 navedenog Zakona). Shodno navedenom, a budući da je u konkretnom slučaju prvostepeni sud pravilno našao da su u odnosu na zahtjeve obije države molilje ispunjeni zakonom propisani uslovi za izručenje, a što prihvata i drugostepeni sud, to po nalaženju

5

Vrhovnog suda, prvostepeni sud nije mogao donijeti odluku kojom jednoj od država molilja odbija izručenje (st.II pobijanog rješenja) budući da je čl.19 st.1 istog Zakona, propisano da odluku o odbijanju izručenja sud može donijeti jedino kada nađe da nijesu ispunjeni uslovi za izručenje, što u konkretnom nije slučaj.

Imajući u vidu naprijed navedeno, osnovano se zahtjevom za zaštitu zakonitosti ukazuje da u konkretnom slučaju nije bilo mjesta primjeni odredbe čl.29 Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima, odnosno, da prvostepeni sud nije mogao u skraćenom postupku odlučivati o zamolnicama za izručenje Kwon Do Hyeonga, podnijetim od strane država molilja Republike Koreje i Sjedinjenih Američkih Država.

Kako je ovaj sud utvrdio da se u konkretnom slučaju radi o povredi zakona koja nužno vodi prenačenju pravosnažne odluke, a kod činjenice da je Kwon Do Hyeonga dao saglasnost za izručenje za obije države molilje, to po nalaženju ovog suda predmetni zahtjev nije podignut na štetu imenovanog lica čije se izručenje traži.

Imajući u vidu prednje učinjene povrede Zakona o međunarodnoj pravnoj pomoći u krivičnim stvarima, Vrhovni sud Crne Gore je utvrdio da je zahtjev za zaštutu zakonitosti osnovan pa ga je usvojio i preinačio nižestepena rješenja utvrđujući da su ispunjeni uslovi za izručenje imenovanog lica državama moliljama-Republici Koreji i SAD, dok će odluku o dozvoli izručenja donijeti Ministar pravde Crne Gore, u koju svrhu mu se spisi predmeta i dostavljaju.

Sa iznijetih razloga, a na osnovu čl. 443 st.1 Zakonika o krivičnom postupku odlučeno je kao u izreci presude.

VRHOVNI SUD CRNE GORE
Dana, 19.09.2024.godine

Zapisničarka,
Darikna Kostić,s.r.

Predsjednica vijeća – sudija,
Seka Piletić,s.r.

преписа потврђује

6